UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE MANUEL QUIROA GALINDO ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15cv929 |
| ) | |
| MCGEE LANDSCAPING, INC., et al., ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs. (Dkt. 9.) After a representative for defendants failed to respond to plaintiff's Motion or to appear at the hearing before Judge Nachmanoff on November 20, 2015, the undersigned Magistrate Judge took this matter under advisement.[1]

I. INTRODUCTION

A. Background

Plaintiff Jose Manuel Quiroa Galindo is an adult resident of Maryland. (Compl. ¶ 3.) Defendant McGee Landscaping, Inc. is a Virginia corporation, and defendant Eric B. McGee is the owner of McGee Landscaping, Inc. and a resident of Alexandria, Virginia. (Id. at 1, ¶¶ 4-5.) Defendants employed plaintiff as a

---

[1] The record before the Court includes the Complaint ("Compl") (Dkt. 1), plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs ("Mot. Default J.") (Dkt. 9), the Declaration of Jose Manuel Quiroa Galindo ("Galindo Decl.") (Dkt. 9-1), the Affidavit of Mary Craine Lombardo in Support of Request for Award of Costs, Expenses, and Attorneys' Fees ("Lombardo Aff.") (Dkt. 9-2), and all attachments and exhibits submitted with those filings.

1

laborer from approximately January 1, 2005 through April 20, 2015. (Id. at ¶ 16.) During that time, defendants paid plaintiff an hourly wage of $19.50. (Id. at ¶ 17.) Although plaintiff worked an average of 75 hours per week, defendants did not pay plaintiff at a rate of one-and-one-half times his hourly wage for those hours he worked above 40 hours per week. (Id. at ¶¶ 18-19.) On July 16, 2015, plaintiff filed suit against defendants alleging overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. (Id. at 1-2.) Plaintiff now seeks unpaid overtime wages, liquidated damages, and attorneys' fees and costs. (Mot. Default J. 4-5, 9.)[2]

## B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the defaulting party/parties.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This dispute arises under FLSA, 29 U.S.C. § 201 et seq., which provides relief for an action to recover overtime wages, liquidated damages, and attorneys' fees and costs. See 29 U.S.C.

---

[2] Although plaintiff's Motion for Default Judgment also sought pre-judgment interest, plaintiff withdrew that request at the hearing on the Motion.

§ 216(b). Therefore, federal question jurisdiction exists for this action.

This Court also has personal jurisdiction over defendants because defendant McGee Landscaping, Inc. is a Virginia corporation and defendant Eric McGee is a Virginia resident. (Compl. 1, ¶ 4.)

Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper because both defendants reside in Virginia and defendant Eric McGee resides within this judicial district. (Id. at 1, ¶ 2.)

### C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. On July 29, 2015, at defendant Eric McGee's residence, plaintiff's private process server served the summons for Eric McGee on Gloria McGee, a person of suitable age and discretion, who also resided there. (Dkt. 12.) Gloria McGee also accepted service on behalf of defendant McGee Landscaping, Inc. (Dkt. 3.) Ms. McGee is Vice President of McGee Landscaping, Inc. and is designated by law to accept service of process on behalf of the corporation. (Dkt. 3.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h).

### D. Grounds for Default Judgment

Defendants have not appeared, answered, or otherwise filed any responsive pleadings in this case. On September 21, 2015,

3

the Honorable T.S. Ellis, III ordered that plaintiff seek entry of default from the Clerk and subsequently file a Motion for Default Judgment. (Dkt. 5.) On September 24, 2015, plaintiff sought the entry of default as to defendants. (Dkt. 6.) The following day, the Clerk of this Court entered default as to defendants pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55(a). (Dkt. 7.) Plaintiff filed a Motion for Default Judgment on November 4, 2015. (Dkt. 9.)

## II. FINDINGS OF FACT

Based upon the Complaint, plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs, the Declaration of Jose Manuel Quiroa Galindo, and the Affidavit of Mary Craine Lombardo in Support of Request for Award of Costs, Expenses, and Attorneys' Fees, the undersigned Magistrate Judge makes the following findings.

Plaintiff is a resident of Maryland, defendant McGee Landscaping, Inc. is a Virginia corporation, and defendant Eric B. McGee is the owner of McGee Landscaping, Inc. and a resident of Alexandria, Virginia. (Compl. 1, ¶¶ 3-5.) At all times relevant to plaintiff's claims, defendants—in the aggregate and as a single enterprise—had annual gross volume sales in an amount exceeding $500,000 and employed two or more employees engaged in commerce, working with goods or materials that moved

4

in or were produced for commerce. (Id. at ¶¶ 6-8.) Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce. (Id. at ¶ 8.) Defendant Eric McGee controlled the day-to-day operations of McGee Landscaping and supervised plaintiff. (Id. at ¶¶ 9, 11.) Defendant Eric McGee also had the power to hire, fire, suspend, and discipline plaintiff and directly or indirectly set and determined plaintiff's work schedule and rate of pay. (Id. at ¶¶ 10, 12-13.)

Defendants employed plaintiff as a laborer from approximately January 1, 2005 through April 20, 2015. (Id. at ¶ 16; Galindo Decl. ¶ 1; Mot. Default J. 1.) Throughout this period, plaintiff worked an average of 75 hours per week, but he was never compensated at the required overtime rate of one-and-one-half times his regular hourly rate for those hours he worked over 40 hours per week. (Compl. ¶ 19; Galindo Decl. ¶ 3; Mot. Default J. 2.) Plaintiff's hourly rate from January 1, 2005 through April 20, 2015 was $19.50 per hour. (Compl. ¶ 17; Galindo Decl. ¶ 2.) Plaintiff worked 1,050 hours in 2012 for which he was not paid overtime, 1,505 hours in 2013 for which he was not paid overtime, 1,505 hours in 2014 for which he was not paid overtime, and 245 hours in 2015 for which he was not paid overtime. (Mot. Default J. 4.) Plaintiff therefore was not paid the additional half of his regular hourly rate owed for these

overtime hours, which amounts to a total of $41,973.75. (Mot. Default J. 4-5; Galindo Decl. ¶ 4; Compl. ¶ 20.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiffs' claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

Plaintiff moves for the Court to grant default judgment pursuant to his allegations that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., in the amount of $41,973.75 in unpaid overtime wages, $41,973.75 in liquidated damages, and costs and attorneys' fees.

In order to establish a violation of FLSA for non-payment of overtime wages, a plaintiff must show that (1) he was employed by the defendant, (2) plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce, (3) plaintiff worked over 40 hours per work-week, (4) plaintiff was not compensated at a rate of one-and-one-half times his regular rate for each hour worked in excess of 40 hours per work-week, and (5) none of the exemptions in 29 U.S.C.

6

§ 213 applied to plaintiff's position. See 29 U.S.C. § 207(a); Davis v. Food Lion, 792 F.2d 1274, 1276-77 (4th Cir. 1986). Here, the Complaint sets forth each element of this claim.

First, plaintiff was employed by defendants. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employ" is defined to include "to suffer or permit to work." 29 U.S.C. § 203(g). Furthermore, individual defendants can be held liable as employers under FLSA. See Brock v. Hamad, 867 F.2d 804, 808 n.6 (4th Cir. 1989). Under the majority rule, an individual corporate officer may be subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the conditions and terms of a plaintiff's employment. Zegarra v. Marco Polo, Inc., No. 1:08cv891, 2009 U.S. Dist. LEXIS 3845, at *5-6 (E.D. Va. Jan. 21, 2009) (citing Kilvitis v. County of Luzerne, 52 F. Supp. 2d 403, 413 (M.D. Pa. 1999)). Here, defendant Eric McGee owns McGee Landscaping, Inc. (Compl. ¶ 5.) Eric McGee controlled the day-to-day operations of McGee Landscaping and supervised plaintiff. (Id. at ¶¶ 9, 11.) Eric McGee also had the power to hire, fire, suspend, and discipline plaintiff and directly or indirectly set and determined plaintiff's work schedule and rate of pay. (Id. at ¶¶ 10, 12-13.) Therefore, both McGee Landscaping, Inc. and Eric McGee are employers for the purposes of FLSA.

Defendants employed plaintiff as a laborer from approximately January 1, 2005 through April 20, 2015. (Compl. ¶ 16; Galindo Decl. ¶ 1; Mot. Default J. 1.) During that time, defendants paid plaintiff an hourly wage of $19.50. (Compl. ¶ 17; Galindo Decl. ¶ 2.) Therefore, plaintiff alleged facts sufficient to satisfy the first element of an overtime violation claim under FLSA.

Second, the Complaint shows that plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce. Pursuant to FLSA, an employee who works for an enterprise engaged in commerce or the production of goods for commerce is an employee covered by the Act regardless of his actual work duties. Russell v. Cont'l Rest., Inc., 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing 29 U.S.C. § 203(s)(1)(A)). An "enterprise engaged in commerce or in the production of goods for commerce" is defined as one that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A). Here, plaintiff worked for defendants' business. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and

8

serve customers in interstate commerce. (Compl. ¶ 8.) Furthermore, the gross annual business volume of defendants—in the aggregate and as a single enterprise—exceeded $500,000 at all times relevant to this action. (Id. at ¶ 6.) Therefore, plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

Third, plaintiff shows that he worked over 40 hours per week during the time period for which he was employed. Plaintiff worked an average of 75 hours per week, but was not paid above his regular hourly rate for those hours he worked above 40 hours per week.[3] (Galindo Decl. ¶ 3; Compl. ¶ 19; Mot. Default J. 2.)

---

[3] FLSA requires the employer to keep certain records of hours worked and wages paid. 29 U.S.C. § 211(c). Where the employer fails to keep adequate records, the employee enjoys a lenient burden of proof. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), superseded by statute on other grounds as recognized in IBP, Inc. v. Alvarez, 546 U.S. 21, 25-28 (2005). As the Supreme Court held in Anderson,

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer . . . . If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. . . . It is enough under these circumstances if there is a reasonable inference as to the extent of the damages.

328 U.S. at 687-88. Furthermore, an employee's affidavit about his recollection of the hours he worked and the pay he received, if deemed credible by the Court, may be a basis for the Court to award damages. See, e.g., Wirtz v. Durham Sandwich Co., 367 F.2d 810, 812 (4th Cir. 1966); Lopez v. Lawns 'R' Us, Civ. No. DKC 07-2979, 2008 U.S. Dist. LEXIS 112120, at *9 (D. Md. May 23, 2008) ("An employee's testimony as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a

9

Plaintiff submitted a sworn declaration in support of that evidence. Therefore, plaintiff adequately demonstrated facts to support this element of his claim.

Fourth, plaintiff shows that he was not compensated at a rate of one-and-one-half times his regular rate for each hour worked in excess of 40 hours per week. Plaintiff worked on average 75 hours per week while employed by defendants. (Galindo Decl. ¶ 3; Compl. ¶ 19; Mot. Default J. 2.) Plaintiff represents in his sworn affidavit that he was not paid at the required overtime rate of one-and-one-half times his hourly rate for those hours worked over 40 hours per week. (Galindo Decl. ¶ 3.) As such, this element is satisfied.

Fifth, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to plaintiff. Consequently, plaintiff appears to be a covered employee entitled to payment of overtime wages. See Darveau v. Detecon, Inc., 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exemption.").

## IV. REQUESTED RELIEF

Plaintiff requests that the Court (1) grant default judgment against defendant in the amount of $83,947.50, consisting of $41,973.75 in unpaid overtime wages plus an equal

---

prima facie case of wages owed.").

amount in liquidated damages, and (2) award costs and reasonable attorney's fees. (Mot. Default J. 5, 9.)

FLSA provides that "[a]ny employer who violates [the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Pursuant to FLSA, all hours past 40 worked in any given week must be compensated at a rate of "not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1).

Here, defendants paid plaintiff a wage of $19.50 per hour from January 1, 2005 through April 20, 2015, but he was never compensated above his regular hourly rate at the required overtime rate of one-and-one-half times his regular hourly rate for those hours he worked over 40 hours per week. (Compl. ¶¶ 16-17, 19; Galindo Decl. ¶¶ 1-3; Mot. Default J. 2.) Accordingly, for the entire period of his employment with defendant, plaintiff is owed $41,973.75 in unpaid overtime wages, calculated as (1/2) x ($19.50) x (1,050 overtime hours in 2012 + 1,505 overtime hours in 2013 + 1,505 overtime hours in 2014 + 245 overtime hours in 2015).

Additionally, in FLSA cases, employees routinely are awarded an amount of liquidated damages equal to unpaid wages. See 29 U.S.C. § 216(b); Donovan v. Bel-Loc Diner, Inc., 780 F.2d

11

1113, 1118 (4th Cir. 1985). An employer may attempt to show that the violation of FLSA was in good faith in an effort to avoid payment of the liquidated amount. See 29 U.S.C. § 260; Donovan, 780 F.2d at 1118. In this case, the employer has failed to appear and present any defense to plaintiff's claim of a willful violation of FLSA. Accordingly, an award of liquidated damages equal to the unpaid wages is appropriate.

For these reasons, the undersigned recommends that default judgment be entered against defendants McGee Landscaping, Inc. and Eric B. McGee in the amount of $83,947.50, consisting of $41,973.75 in unpaid overtime wages and $41,973.75 in liquidated damages under FLSA.

FLSA also provides for the mandatory award of attorneys' fees and costs of the action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

In support of his request for attorneys' fees and costs, plaintiff submitted the Affidavit of Mary Craine Lombardo in Support of Request for Award of Costs, Expenses, and Attorneys' Fees. (Dkt. 9-2.) Plaintiff seeks $3,034.00 in attorneys' fees, comprised of 1.3 hours by paralegal Natalia Prado at a rate of $160.00 per hour, 4 hours by paralegal Lauren Carpenter at a rate of $150.00 per hour, 4 hours by attorney Jonathan Lieberman

at a rate of $420.00 per hour, and 1.3 hours by attorney Mary C. Lombardo at a rate of $420.00 per hour. (Lombardo Aff. Ex. 1.) Plaintiff also seeks costs in the amount of $460.00. (Id.) The undersigned has reviewed Ms. Lombardo's affidavit and finds that these amounts are reasonable and necessary to effectuate relief under FLSA. Thus, the undersigned recommends that plaintiff be awarded $3,034.00 in attorneys' fees and $460.00 in costs.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Jose Manuel Quiroa Galindo against defendants McGee Landscaping, Inc. and Eric B. McGee in the total amount of $87,441.50, which consists of $41,973.75 in unpaid overtime wages, $41,973.75 in liquidated damages, $3,034.00 in attorneys' fees, and $460.00 in costs.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

McGee Landscaping, Inc.
6710 South Benson Drive
Alexandria, Virginia 22306

McGee Landscaping, Inc.
c/o Eric B. McGee, Resident Agent
6710 South Benson Drive
Alexandria, Virginia 22306

Eric B. McGee
6710 South Benson Drive
Alexandria, Virginia 22306

/s/
Theresa Carroll Buchanan
United States Magistrate Judge
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

January 15, 2016
Alexandria, Virginia